# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-----------------------------------------------------------------------x

MARIA DAVANZO,

                              Plaintiff,

- against -

SELENE FINANCE LP, SHELLPOINT MORTGAGE
SERVICING, TRANS UNION, LLC, EQUIFAX
INFORMATION SERVICES, LLC, and
EXPERIAN INFORMATION SOLUTIONS INC.

                              Defendants.

-----------------------------------------------------------------X

Index No.

## Summons

Plaintiff Designates Suffolk County
as the Place of Trial

Plaintiff's Address:
1011 Arctic Avenue
Bohemia, NY 11716

**TO THE ABOVE-NAMED DEFENDANT**:

You are hereby summoned and required to serve upon Plaintiff's attorney, at his address stated below, an answer to the attached Verified Complaint.

If this summons was personally delivered upon you in the State of New York, the answer must be served within twenty days after such service of the summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty days after service of the summons is complete as provided by law.

If you do not serve an answer to the attached complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the relief demanded in the complaint, without further notice to you.

The action will be heard in the Supreme Court of the State of New York, in and for the County of Suffolk. This action is brought in the County of Suffolk because it is the County of the Plaintiffs.

Dated: Sayville, New York
       February 22 2024

                            JOHN R. BYRNES, ESQ.
                            Attorneys for Plaintiff
                            53 Main Street, Suite 1
                            Sayville, NY 11782
                            631-589-3754

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------------x

MARIA DAVANZO,                                        Index No.

                                  Plaintiff,

                                             VERIFIED COMPLAINT

    - against -

SELENE FINANCE LP, SHELLPOINT MORTGAGE
SERVICING, TRANS UNION, LLC, EQUIFAX
INFORMATION SERVICES, LLC, and
EXPERIAN INFORMATION SOLUTIONS INC.

                                  Defendants.

-------------------------------------------------------------------X

      Plaintiff, by and through her attorney, John R. Byrnes, Attorney at Law, with his office

located at 53 Main Street, Sayville, New York 11782,  hereby alleges and complains as follows:

## PARTIES

      1.  Plaintiff, Maria Davanzo, is an individual residing at 1011 Arctic Avenue, Bohemia,

New York 11716.

      2.  Defendant Selene Finance LP., is a Delaware limited partnership registered with the

State of New York as a foreign limited partnership, with its principal place of business located in

Philadelphia, PA. (Hereinafter referred to as "Selene").

      3.  Defendant Shellpoint Mortgage Servicing, a division of NEWREL NMLS Consumer

Access a/k/a  NR/SMS/CAL, as reported in the Equifax Credit Report, is a mortgage servicing

company, with its principal place of business located at 75 Beattie Place, Suite LL 202

Greenville SC 29601 and as an office at 140 E. 45th Street, New York 10017.   (Hereinafter

referred to as "Shellpoint").

      4.  Defendant TransUnion, LLC  is a Delaware corporation with its principal place of

1

business at 555 W. Adams Street, Chicago, Illinois 60662. Defendant is registered with the New York Secretary of State as a foreign business and is authorized to do business in New York, (Hereinafter referred to as "Transunion").

5. Defendant Equifax Information Services LLC is a Georgia corporation with its principal place of business at 1550 Peachtree Street, N., Atlanta, GA 30374. Defendant is registered with the New York Secretary of State as a foreign business and is authoirzed to do business in New York. (Hereinafter referred to as "Equifax").

6. Defendant Experian Information Solutions, Inc, is a Ohio corporation with its principal place of business at 475 Anton Blvd, Costa Mesa, CA and registered agent C T Corporation Systems, 28 Liberty Street, 42nd Floor, New York, NY 10005. Defendant is registered with the State of New York and is authoirzed to do business in New York.(Hereinafter referred to as "Experian"). Experian together with TransUnion and Equifax, are collectively referred to herein as the "Credit Bureaus" and together with Selene and Shellpoint as the "Defendants".

## FACTS

7. On or about February 20, 2009, a verified complaint was served upon Plaintiff (defendant therein) regarding a foreclosure action commenced against Joseph Hanovic, Maria Hanovic, and Fleet Bank as defendants (hereinafter referred to as the "Foreclosure Complaint") . A copy of the Foreclosure Complaint without exhibits is attached as Exhibit "A" hereto.

8. The Foreclosure Complaint was brought by Citimortgage, Inc. (hereinafter referred to as "Citi"), as the mortgagee.

9. The caption of the Foreclosure Complaint lists Plaintiff (defendant therein) as Maria Hanovic.

2

10. Plaintiff herein, Maria Davanzo, was never married to Joseph Hanovic, nor did she ever legally change or intentionally use Maria Hanovic as her name in any legal capacity.

11. Paragraph 3(b) of the Foreclosure Complaint states that "**Maria Hanovic is named as a defendant because she is the *obligor* on a certain note secured by a mortgage on the Premises**." [Emphasis add].

12. Paragraph 6 of the Foreclosure Complaint states that "On or about August 29, 1997, defendants JOSEPH HANOVIC, a/k/a JOSEPH J. HANOVIC and MARIA HANOVIC ('Defendants') executed and delivered to Flagstar Bank. FSB ('Flagstar') a Note (the 'Note'), whereby the Defendants agreed to pay to Flagstar or its transferees the sum of $140,000.00, . . ."

13. Paragraph 3(b) and Paragraph 6 of the Foreclosure Complaint clearly uses different language and shows that "Citi", was well aware that the supporting documentation submitted with the Foreclosure Complaint clearly shows that Plaintiff, (defendant therein) was in no way liable for or obligated on the note or mortgage.

14. Paragraph 7 of the Foreclosure Complaint states that "As collateral security for the payment of the Note, defendant, JOSEPH HANOVIC, a/k/a JOSEPH J. HANOVIC executed, acknowledged, and delivered to Flagstar a mortgage dated August 29, 1997, in principal amount of $140,000.00....."

15. The remainder of the Foreclosure Complaint expresses the alleged obligations of the defendants therein under the terms of the note, mortgage or the note and the mortgage.

16. Pursuant to the Wherefore Clause of the Foreclosure Complaint, Citi, (as plaintiff therein) sought to foreclose on the mortgage and obtain all monies due from defendants therein.

17. Notwithstanding the allegations contained in the Foreclosure Complaint, the Note presented in the Foreclosure Complaint clearly shows that *__only__* Joseph Hanovic executed the

3

Note. (A copy of the Note from the Foreclosure Complaint is attached as Exhibit "B" to this Complaint and made a part hereof).

18. Further, the Note clearly shows that only Joseph Hanovic's name is preprinted on the Note which shows that the Note was prepared well before execution.

19. Neither the name "Maria Davanzo", (the Plaintiff herein), nor the name "Maria Hanovic" was printed on the Note, nor does a signature for either appear endorsed upon the Note.

20. In addition, prior to the foreclosure, on or about November 14, 2007, the Mortgage and Note were modified by Joseph Hanovic. A copy of the Loan Modification Agreement is attached as Exhibit "C" hereto and made a part hereof. ***That document shows that only Joseph Hanovic executed the modification***.

21. Further, an affidavit executed by Rosemarie Klie, Esq., ("Klie") and made a part of the Foreclosure Complaint stated that a loan modification was entered into between Citi and Joseph Hanovic on or about November 14, 2007, which modified both the note and the mortgage. (Hereinafter referred to as the "Klie Affidavit") A copy of that affidavit is attached as Exhibit "D" to this Complaint and made a part hereof.

22. The Klie Affidavit clearly shows that Plaintiff was not a party to the modification agreement.

23. Klie also prepared and or signed a Certificate of Merit Pursuant to CPLR 3012-b, which stated that she, Defendant Klie, conferred with Lindsay Hodges, Vice President of Citibank, and that she reviewed the pertinent facts and documents of the case. (Hereinafter referred to as the "Klie Certification") A copy of that Certification is attached as Exhibit "E" to this Complaint and made a part hereof.

4

24. In the Klie Certification, Defendant Klie specifically states that "Upon this review and consultation . . . I certify that there is a reasonable basis for commencement of this action . . ."

25. At no time was Plaintiff ever named in the foreclosure complaint, nor made a party to the foreclosure action, yet as a result of that complaint, Plaintiff, was denied credit shortly after such judgment was entered since her credit score dropped over 300 points to the low to mid 300's as a result of the issuance of the fraudulently obtained judgment.

26. Further, Plaintiff, as a result of the issuance of the fraudulently obtained judgment incurred increased costs due to much higher interest rates on her credit cards and other financing.

27. Further, Plaintiff, as a result of the issuance of the fraudulently obtained judgment, had to file bankruptcy in order to get out of the debt since Plaintiff was unable to obtain further refinancing of her own loans and other obligations unrelated to the mortgage.

28. After having received a discharge in bankruptcy, Plaintiff, by Plaintiff's then attorney, Bruce A Rothenberg, Esq., on October 20, 2020, notified the then mortgage servicing company (Shellpoint) and the three credit bureaus (Transunion, Equifax and Experian) that Plaintiff was not obligated on the mortgage or the mortgage note. A copy of that letter is attached hereto as Exhibit "F"and made a part hereof.

29. After such notice, the mortgage was removed from Plaintiff's credit reports.

30. Sometime in 2023, the mortgage reappeared on Plaintiff's three credit reports, thereby affecting Plaintiff's credit score and ability to obtain further credit once again.

31. Plaintiff's then attorney, Bruce A. Rothenberg, Esq., prepared and sent a letter to the then mortgage servicing company Defendant Selene Finance LP, and the three defendant credit bureaus, directing each that the debt was in dispute and to remove same from the Plaintiff's

5

credit history. A copy of the letter is attached hereto as Exhibit "G" to this Complaint and made a part hereof.

32.   In response to that letter, Defendant Selene responded with the acknowledgement that "Maria Hanovic" was not on the mortgage or note in a letter dated August 18, 2023 and that neither Plaintiff nor her attorney would be able to discuss the mortgage with the service provider.

33.   Notwithstanding this acknowledgment by Selene, the three credit bureaus denied Plaintiff any changes to Plaintiff's credit reporting.

34.   Upon recent review of Plaintiff's credit reports, Plaintiff found that not only was the mortgage still being reported by Selene, but the mortgage was also being reported a second time by Shellpoint, thereby increasing and greatly misstating Plaintiff's financial obligations, contrary to the acknowledgment from Selene.

35.   Defendants Selene and Shellpoint continue to knowingly and wrongfully report incorrect and false information to the three Credit Bureaus by disregarding the evidence that the Plaintiff has submitted as proof that Plaintiff has no financial or legal obligation under the note and/or mortgage causing Plaintiff irreparable damages.

36.   Plaintiff's damages as a result the Selene and Shellpoint's knowingly and wrongfully reporting incorrect and false information to all three Credit Bureaus are unknown and cannot be easily calculated at this time due to the nature of credit score usage.

37.   However, such damages include, but are not limited to, the cost of obtaining credit, or denial of same, increased costs due to much higher interest rates charged on such credit as may be available to Plaintiff, increased costs associated with obtaining required insurances, and harm to Plaintiff's reputation for paying debt.

6

38. Since Selene and Shellpoint are submitting knowingly and wrongfully incorrect and false information, Defendants are committing an ongoing fraud against Plaintiff causing further irreparable harm to Plaintiff.

39. Accordingly, not only is Plaintiff entitled to actual damages, Plaintiff is entitled to punitive damages.

### FIRST CAUSE OF ACTION

### SELENE

40. Plaintiff repeats and religious all of the allegations contained in paragraphs "1" through "39" above, as though fully set forth herein.

41. Selene, contrary to the letter they sent to Plaintiff's then attorney which states that Plaintiff has been removed from the mortgage and note but continues to report incorrect and false information knowingly and wrongfully to the Credit Bureaus as an outstanding debt of the Plaintiff.

42. Accordingly, Selene is liable to Plaintiff for actual damages resulting from knowingly and wrongfully reporting incorrect and false information to the Credit Bureaus.

43. Further, as a result of Selene knowingly and wrongfully reporting incorrect and false information to the Credit Bureaus that Plaintiff was and is not liable at all on the mortgage, Plaintiff is requesting that the court award punitive damages in the amount of $1,000,000.00.

### SECOND CAUSE OF ACTION

### SHELLPOINT

44. Plaintiff repeats and religious all of the allegations contained in paragraphs "1"

7

through "43" above, as though fully set forth herein.

45.    Shellpoint, an unknown entity who may be a new mortgage servicing agent is now also knowing and wrongfully reporting incorrect and false information to the Credit Bureaus as an outstanding debt of the Plaintiff.

46.    Accordingly, Shellpoint is liable to Plaintiff for actual damages resulting from knowingly and wrongfully reporting incorrect and false information to the Credit Bureaus.

47.    Further, as a result of Shellpoint knowingly and wrongfully reporting incorrect and false information to the Credit Bureaus that Plaintiff was and is not liable at all on the mortgage, Plaintiff is requesting that the court award punitive damages in the amount of $1,000,000.00.

## THIRD CAUSE OF ACTION

## TRANSUNION, EQUIFAX AND EXPERIAN

(Collectively and Individually)

48.    Plaintiff repeats and religious all of the allegations contained in paragraphs "1" through "47" above, as though fully set forth herein.

49.    The Credit Bureaus, having been notified by Plaintiff through Plaintiff's then attorney, and pursuant to the letter Selene submitted which states that Plaintiff has been removed from the mortgage and note, continues to knowingly and wrongfully report incorrect and false information on Plaintiff's credit report as an outstanding debt of the Plaintiff.

50.    Accordingly, the Credit Bureaus, individually are liable to Plaintiff for actual damages resulting from knowingly and wrongfully reporting incorrect and false information on Plaintiff's credit reports thereby negatively affecting Plaintiff's credit score generated by such incorrect and false information.

8

Case 2:24-cv-03607-NJC-JMW    Document 1-2    Filed 05/17/24    Page 11 of 51 PageID
#: 17

51.     Further, as a result of the Credit Bureaus knowingly and wrongfully accepting and

reporting incorrect and false information that Plaintiff was and is not liable at all on the note

mortgage, Plaintiff is requesting that the court award punitive damages in the amount of

$1,000,000.00.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     On Plaintiff's First Cause of Action Against Defendant Selene Finance LP.:

    1) an amount for Plaintiff's actual damages caused by Defendant Selene Finance

    LP., to be determined upon hearing by this Court, and

    2)  an amount equal to $1,000,000.00 as punitive damages against Defendant

    Selene Finance LP;

B.     On Plaintiff's Second Cause of Action Against Defendant Shellpoint Mortgage

    Servicing:

    1)  an amount for Plaintiff's actual damages caused by Defendant Shellpoint

    Mortgage Servicing, to be determined upon hearing by this Court, and

    2)  an amount equal to $1,000,000.00 as punitive damages against Defendant

    Shellpoint Mortgage Servicing.

C.     On Plaintiff's Third Cause of Action Against Defendant Transunion, Equifax, and

    Experian:

    1)  An order directing Defendants Transunion, Equifax, and Experian to correct

    the false information contained in Plaintiff's credit reports as reported by them

    individually and, or together;

    2) an amount for Plaintiff's actual damages caused by Defendants Transunion,

    Equifax, and Experian, to be determined upon hearing by this Court, and

9

Case 2:24-cv-03607-NJC-JMW          Document 1-2          Filed 05/17/24          Page 12 of 51 PageID #: 18

3) an amount equal to $1,000,000.00 as punitive damages against Defendant

Transunion, Equifax, and Experian;

D.          Granting such other and further relief as this court may deem proper.

Dated: Sayville, New York
February 29, 2024

_____
JOHN R. BYRNES, ESQ.
Attorney for Plaintiff
MARIA DAVANZO
53 Main Street, Suite 1
Sayville, NY 11782
631-589-3754

10

## VERIFICATION

STATE OF NEW YORK            )

                            ss.:

COUNTY OF SUFFOLK            )


Maria Davanzo , being duly sworn, deposes and says:

I am the Plaintiff in this action, and I have read and know the contents of the foregoing

Verified Complaint. The Verified Complaint is true to my own knowledge, except as to matters

alleged upon information and belief, and as to those matters I believe it to be true.


Sworn to before me
this _February 22_ 2024

_____
                            Maria Davanzo


_____
Notary Public

John R Byrnes
Notary Public, State of New York
Reg. No. 02BY6431297
Qualified in Suffolk County
Commission Expires April 4, 2026


11

Case 2:24-cv-03607-NJC-JMW    Document 1-2    Filed 05/17/24    Page 14 of 51 PageID #: 20

# EXHIBIT 'A'

FILED: SUFFOLK COUNTY CLERK 03/13/2024 08:04 PM INDEX NO. 606509/2024

NYSCEF DOC. NO. 2 Case 2:24-cv-03607-NJC-JMW Document 1-2 Filed 05/17/24 Page 15 of 51 PageID RECEIVED NYSCEF: 03/13/2024
#: 21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------X

CITIMORTGAGE, INC.,

                   Plaintiff,

    -against-

JOSEPH HANOVIC, A/K/A JOSEPH J. HANOVIC,
MARIA HANOVIC,    FLEET NATIONAL BANK,
and "John Doe" and/or "Jane Doe" #1-10
inclusive, the last ten names being
fictitious and unknown to plaintiff, the
persons or parties intended being the
tenants,    occupants,    persons    or
corporations, if any, having or claiming
an interest in or lien upon the premises
described in the complaint,

                  Defendants.

------------------------------------------------X

Index No.

VERIFIED
COMPLAINT

Mortgage
Foreclosure

FILED

FEB 19 2009

Judith A. Pascale
CLERK OF SUFFOLK COUNTY

       Plaintiff CitiMortgage, Inc., (hereinafter referred

to as "CitiMortgage"), by its attorneys, Sweeney, Gallo,

Reich & Bolz, LLP., complains and alleges, upon information

and belief, as follows:

       1.   Plaintiff is, and at all times relevant herein

was, a corporation authorized to conduct business in the

State of New York,   with its principal place of business

located at 1000 Technology Drive, O'Fallon, Missouri.

       2.   The premises, which are the subject of this

action, are situated at 1101 Artic Avenue, Bohemia, Town of

Islip and County of Suffolk, State of New York (the

Case 2:24-cv-03607-NJC-JMW     Document 1-2     Filed 05/17/24     Page 16 of 51 PageID #: 22

"Premises").

3. (a).  JOSEPH HANOVIC, a/k/a JOSEPH J. HANOVIC is named as a defendant because he is the purported owner of record of the Premises and is the obligor on a certain note secured by a mortgage on the Premises.  Upon information and belief, said defendant's last known residence is at the Premises.

(b).  MARIA HANOVIC is named as a defendant because she is the obligor on a certain note secured by a mortgage on the Premises.  Upon information and belief, said defendant's last known residence is at the Premises.

4.  "John Doe" and/or "Jane Doe" # 1-10 inclusive, are fictitious and unknown to plaintiff.  They are named as defendants to designate any and all tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the Premises.

5.  The following is made a party defendant herein solely because they may have or claim to have a subordinate mortgage affecting the Premises:

FLEET NATIONAL BANK

The above liens are subject and subordinate to the lien of the Plaintiff's mortgage. (See, copy of Mortgage/Judgment Schedules attached hereto and made part hereof.)

6.    On or about August 29, 1997, defendants, JOSEPH HANOVIC, a/k/a JOSEPH J. HANOVIC and MARIA HANOVIC, ("Defendants") executed and delivered to Flagstar Bank, FSB ("Flagstar") a Note (the "Note"), whereby the Defendants agreed to pay to Flagstar or its transferees the sum of $140,000.00, plus increases in principal, if any, with interest thereon, installments of principal and interest to be paid monthly, in substantially equal payments on the same date of each month until maturity, all as provided in the Note.

7.    As collateral security for the payment of the Note, defendant, JOSEPH HANOVIC, a/k/a JOSEPH J. HANOVIC executed, acknowledged, and delivered to Flagstar a mortgage dated August 29, 1997, in the principal amount of $140,000.00, (the "Mortgage"), which was recorded in the Office of the  County Clerk  of the County of Suffolk on September 24, 1997 in Liber 19246, Page 626, and the mortgage recording tax was duly paid;  which mortgage was assigned to

3

Case 2:24-cv-03607-NJC-JMW Document 1-2 Filed 05/17/24 Page 18 of 51 PageID #: 24

Union Planters Bank by assignment of mortgage dated February 18, 1999 which was recorded in the Office of the County Clerk of the County of Suffolk on March 23, 1999 in Liber 19493, Page 951, and further assigned to CitiMortgage Inc. by assignment of mortgage dated April 17, 2002 which was recorded in the Office of the County Clerk of the County of Suffolk on June 10, 2002 in Liber 20113, Page 362.

8. The Premises encumbered by said Mortgage, with all appurtenances thereto, is bounded and fully described in Schedule A annexed hereto and made part hereof.

9. The Note provides, _inter alia_, for the payment of late charges in case of default of any installment which has become due and remained unpaid in excess of 15 days and further provides, _inter alia_, for the payment of all costs and expenses, including attorney's fees in the event the Note is referred to an attorney for collection.

10. The Mortgage obligates the Defendants, _inter alia_, to pay, on a monthly basis, to plaintiff, at plaintiff's option, an amount equal to 1/12 of the annual taxes, assessments, ground rents, and hazard and mortgage insurance premiums to become due in connection with the Premises pursuant to the Mortgage.

11.   The Mortgage provides, _inter alia_, for the payment of late charges in case of default of any installment which has become due and remained unpaid in excess of 15 days.

12.   The Mortgage provides, _inter alia_, that in the event of a default in the payment of any principal or interest that might become due thereon, plaintiff may declare the entire indebtedness secured by the Mortgage immediately due and payable and commence an action to foreclose the Defendants' rights in the Premises and sell them pursuant to applicable law.

13.   The Note and Mortgage obligates the Defendants, _inter alia_, to pay plaintiff's reasonable attorney's fees in the event of a default and in any action to foreclose the Mortgage.

14.   The Defendants defaulted under the terms of the Note and Mortgage by omitting and failing to make monthly payments of principal and interest due from April 1, 2008 through date.

15.   As a result of the foregoing and in accordance

5

Case 2:24-cv-03607-NJC-JMW Document 1-2 Filed 05/17/24 Page 20 of 51 PageID #: 26

with its rights under the Note and Mortgage, plaintiff has elected to exercise its option to demand immediate payment in full of the amounts outstanding under the Note and Mortgage and has notified the Defendants of its decision to demand immediate payment in full.

16. As a result of the Defendants' failure to pay the obligation under the Note and Mortgage, there is now due and owing to plaintiff on the principal of the Mortgage the sum of $157,358.72 together with accrued interest from March 1, 2008 at the present rate of 7.250% as stated in the Note and Mortgage, and such other payments as are set forth in the Note and Mortgage.

17. In order to protect its security, plaintiff may be compelled during the pendency of this action to pay sums for premiums on insurance policies, real estate taxes, assessments, water charges and sewer rents which are or may become liens on the mortgaged premises, and other charges which may be necessary for the protection of the mortgaged premises, and the plaintiff prays that any sum or sums so paid, together with interest from the date of payment, shall be added to the plaintiff's claim and be deemed secured by said Note and Mortgage and adjudged a valid lien on the mortgaged premises, and that the plaintiff be paid such sums,

Case 2:24-cv-03607-NJC-JMW    Document 1-2    Filed 05/17/24    Page 21 of 51 PageID #: 27

together with interest thereon, out of the proceeds of the sale of the mortgaged premises.

18.  The Mortgage provides that, in the case of foreclosure, the mortgaged premises may be sold in one parcel.

19.  The mortgaged premises under foreclosure herein is to be sold subject to any state of facts an accurate survey would show; and to covenants, restrictions, reservations, easements and agreements of record, if any, and any violations thereof; and to building restrictions and zoning ordinances of the town or municipality in which said mortgaged premises are situate, if any, and any violations thereof; and to conditional bills of sale, security agreements and financing statements filed in connection with said mortgaged premises, if any, but only to the extent that any of the foregoing are not barred or foreclosed by this action; and to existing tenancies, if any, except such tenants who are parties defendants to this action; and to all unpaid real estate taxes, assessments, water charges and sewer rents, which are liens upon the premises but are not due or payable as of the time of the sale.  In addition, the purchaser of the mortgaged premises at the foreclosure sale

shall be required to pay all applicable local and state transfer taxes, deed stamps or other taxes due in connection with the transfer of the mortgaged premises.

20. The plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment, after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and all present and future defaults under the Note and Mortgage and occurring prior to the discontinuance of this action are fully paid.

21. In the event the plaintiff possesses any other liens against the mortgaged premises either by way of a junior mortgage or otherwise, the plaintiff requests that such other liens shall not be merged into the cause of action set forth in this complaint, but that the plaintiff shall be permitted to enforce said other liens and seek determination of the priority thereof in any independent action or proceeding including without limitation any surplus money proceeding.

22.     No prior action or proceeding has been commenced or is now pending to enforce the terms of the Mortgage, or any part thereof.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

a.   That each and all of the defendants in this action, and any and all persons claiming by, through and under any of them, subsequent to the commencement of this action and the filing of the notice of pendency of this action, may be forever barred and foreclosed of any and all right, title and interest, claim, lien and equity of redemption in the mortgage Premises;

b.   That the Court direct that the Premises can be sold according to law, in one parcel or otherwise as equity may require;

c.   That the monies arising from the sale of the Premises may be brought into Court or paid to the plaintiff in accordance with

9

Case 2:24-cv-03607-NJC-JMW    Document 1-2    Filed 05/17/24    Page 24 of 51 PageID #: 30

RPAPL 1354.

d.  That the monies due to plaintiff on the Mortgage may be adjudged and computed;

e.  That plaintiff may be paid the amount adjudged to be due on the Mortgage with interest at the time of such payment, together with any monies advanced and paid pursuant to any term or provision of the Mortgage so as to protect the lien of the Mortgage, and together with taxes, insurance premiums and all other charges and liens paid thereon with interest upon said amount from the date of the respective payments and advances, together with all amounts due by virtue of statutory costs, allowances and attorney's fees, together with any reasonable attorney's fees over and above the amounts covered by the statutory attorney's fees, together with the expenses of the sale insofar as the amount of such monies properly applicable thereto will pay the same;

10

FILED: SUFFOLK COUNTY CLERK 03/13/2024 08:04 PM INDEX NO. 606509/2024

NYSCEF DOC. NO. 2    Case 2:24-cv-03607-NJC-JMW    Document 1-2    Filed 05/17/24    Page 25 of 51 PageID    RECEIVED NYSCEF: 03/13/2024
#: 31

f. That if the proceeds of the sale of the
Premises are insufficient to pay the amount
found due to plaintiff as set forth in the
immediately preceding paragraph, the
officer making the sale be required by the
judgment of sale herein to specify the
amount of such deficiency in the report of
sale so that application may be made by
plaintiff to the Court pursuant to Section
1371 of the Real Property Actions and
Proceedings Law for a deficiency judgment
against the defendants, JOSEPH HANOVIC,
a/k/a JOSEPH J. HANOVIC and MARIA HANOVIC,
which will include the amount of any such
deficiency, unless discharged in
bankruptcy;

g. If the Court, upon such application
shall so direct, plaintiff should have
judgment against the defendants, JOSEPH
HANOVIC, a/k/a JOSEPH J. HANOVIC and MARIA
HANOVIC, for the amount of such
deficiency, unless discharged in
bankruptcy;

11

Case 2:24-cv-03607-NJC-JMW    Document 1-2    Filed 05/17/24    Page 26 of 51 PageID #: 32

h.  That plaintiff be awarded reasonable attorney's fees as provided in the Note and Mortgage, as well as the costs and disbursements of this action; and

i.  That plaintiff have such other and further relief as may be just and proper.

DATED:    Rego Park, New York
February 12, 2009

SWEENEY, GALLO, REICH & BOLZ, LLP.

By:_____
David A. Gallo, Esq.
Attorneys for Plaintiff
95-25 Queens Boulevard, Suite 626
Rego Park, New York 11374
(718) 459-2634

# VERIFICATION

STATE OF NEW YORK )
) ss.
COUNTY OF QUEENS )

        DAVID A. GALLO, hereby affirms under the penalties of perjury and pursuant to

CPLR 2106 that he is one of the attorneys for the plaintiff; that he has read the foregoing Summons

and Complaint and knows the contents thereof; that the same is true to his own knowledge except

as to matters stated to be upon information and belief; and as to those matters he believes them to

be true. The grounds of his belief as to matters not stated upon his knowledge are statements and/or

records provided by the plaintiff, its agents and/or employees and contained in the file in the

attorney's office. This verification is made pursuant to CPLR Section 3020(d)(3) as the Plaintiff is

not in the County of Queens which is where plaintiff's attorneys' office is located.

DATED:  Queens, New York
          February 13, 2009

                                      DAVID A. GALLO, ESQ.

Case 2:24-cv-03607-NJC-JMW Document 1-2 Filed 05/17/24 Page 28 of 51 PageID #: 34

# EXHIBIT 'B'

## NOTE

AUGUST 28, 1997      MELVILLE      NEW YORK
       [City]      [State]

2101 ATTIC AVENUE BOHEMIA, NEW YORK 21712-
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ __310,000.00__
(this amount is called "principal"), plus interest, to the order of the Lender. The Lender is _____
FLAGSTAR BANK, FSB _____
2600 TELEGRAPH ROAD BLOOMFIELD HILLS, MICHIGAN 48302
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal I has been paid. I will pay interest at a yearly rate of __7.250__ %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making payments every month.

I will make my monthly payments on the __1ST__ day of each month beginning on __OCTOBER 1, 1997__
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on __SEPTEMBER 1, 2027__ I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at __FLAGSTAR UNION FSB__
__2600 TELEGRAPH ROAD__
__BLOOMFIELD HILLS, MICHIGAN 48302__
or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ __2563.00__

### 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to these changes.

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of __15__ calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be __2.000__ % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

NEW YORK FIXED RATE NOTE– Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3233   12/91 (page 1 of 2 pages)
STAR Form – MAS0005

β

(B) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(C) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note, whether or not a lawsuit is brought, to the extent not prohibited by applicable law. These expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

Social Security No. _____    _____ (Seal)
                                        JOSEPH NAPOLI              -Borrower

Social Security No. _____    _____ (Seal)
                                                                  -Borrower

Social Security No. _____    _____ (Seal)
                                                                  -Borrower

Social Security No. _____    _____ (Seal)
                                                                  -Borrower

PAY TO THE ORDER OF

WITHOUT RECOURSE
UNION PLANTERS BANK, N.A.

By: _____
    Jean M. King, Vice President

PAY TO THE ORDER OF
UNION PLANTERS BANK, N.A.
WITHOUT RECOURSE
FLAGSTAR BANK, FSB

By: _____

By: _____

# EXHIBIT 'C'

When Recorded Return To:
CitiMortgage, Inc.
Attn: Loss Mitigation Department #0010
5280 Corporate Drive
Frederick, MD 21703                                          L,

## LOAN MODIFICATION AGREEMENT
### (PROVIDING FOR FIXED INTEREST RATE/CAPITALIZATION)

This Loan Modification Agreement ("Agreement"), made 11/14/07, between JOSEPH HANOVIC . Married (Borrower) residing at 1101 ARTIC AVE BOHEMIA NY, 11716-3807 and CitiMortgage, Inc. (Lender) having offices at 5280 Corporate Drive, Frederick, MD 21703 and amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument") dated 08/29/97 and recorded on 09/24/97, Document number 20787-763, Book number na, Page na in the Official Records of SUFFOLK County, New York and (2) the Note bearing the same date as, and secured by the Security Instrument , which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at 1101 ARTIC AVE, BOHEMIA NY, 11716, the real property described as being set forth as follows:

### (SEE ATTACHED LEGAL DESCRIPTION)

In consideration of the mutual promises and agreements exchanged , the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of 11/14/07, the amount of payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. $ 122,056.31. The Borrower acknowledges that interest has accrued but has not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and the Security Instrument, and that such interest, costs and expenses in the total amount of $ 35,799.44, have been added to the indebtedness under the terms of the Note and Security Instrument and the loan re-amortized over 360 months. When payments resume on 12/01/07, the New Unpaid Principal Balance will be $ 157,855.75.

2. The Borrower promises to pay the New Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 7.250% effective 11/01/07 (the "Interest Change Date"). The Borrower promises to make monthly payments of principal and interest of U.S. $ 1,076.85 (which does not include and amounts required for Insurance and/or Taxes) beginning on 12/01/07 and continuing thereafter on the same date of each succeeding month until principal and interest are paid in full.

If on 11/01/37 (the "Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as amended by this agreement, the Borrower will pay those amounts in full on the Maturity Date. All other terms stated in the Note remain the same.

The Borrower will make such payments at Post Office Box 9481, Gaithersburg, MD 20898-9481, or at such other place as the Lender may require.

3. If all or any part of the property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument.

If the Lender exercises this option , the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by the Security Instrument. If the Borrower fails to pay these sums prior to the expiration period, the Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on the Borrower.

Page 1

Case 2:24-cv-03607-NJC-JMW     Document 1-2     Filed 05/17/24     Page 33 of 51 PageID #: 39

4. The Borrower also will comply with all the other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all the payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make the under Security Instrument; however, the following terms and provisions are forever canceled, null, and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and,

    (b) all terms and provisions of any adjustable rate rider or other instrument or document that is affixed to, or part of, the Note and Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by and comply with, all of the terms and provisions thereof, as amended by this Agreement.

6. It is mutually agreed that said security instrument shall continue a first lien upon the premise and that neither the obligation evidencing the aforesaid indebtedness nor the security instrument the same shall in any way be prejudiced by this agreement, but said obligation and security instrument and all the covenants and agreements thereof and the rights of the parties thereunder shall remain in full force and effect except as herein expressly modified.

7. It is understood and agree that while MARIA HANOVIC was not an original borrower and has not executed the Note and Security Instrument for this loan, MARIA HANOVIC is hereby assuming all obligations of an original borrowers as provided in said Note and Security Instrument and shall be personally bound to all of said obligations as modified hereby as if he/she had executed said documents originally and all Borrowers acknowledge that there are no defenses or offsets to the Note and Security Instrument to which Borrowers would be entitled as of the date hereof and the Security Instrument is a valid first lien upon said Property or its equivalent. Further, the Borrowers agree that all rights and obligations hereunder shall extend to and be binding on their respective heirs, executors, administrators, successors and assigns.

IN WITNESS WHEREOF, the parties have signed, sealed and delivered this agreement on the date above written.

11/21/07
Date     Borrower JOSEPH HANOVIC

_____
Date     Borrower -

CitiMortgage, Inc.

12/26/07
Date     Lender -     Stacey Andrew
                Assistant Vice President

CITIMORTGAGE, INC. SEAL NEW YORK

Page 2

Case 2:24-cv-03607-NJC-JMW    Document 1-2    Filed 05/17/24    Page 34 of 51 PageID #: 40

————————————[Space Below This Line for Acknowledgments]————————————

State of                                    )
                                            )SS
County of                                   )

On this _____ day of _____, _____, before me personally appeared_____, to me known or proved to be the person(s) described in and who executed the foregoing instrument, and acknowledged that HE/SHE/THEY executed the same as HIS/HER/THEIR free act and deed.

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

Notary Public _____

My Commission Expires: _____

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

State of   NEW YORK                          )
                                            ) SS
County of   SUFFOLK                          )

On this   21   day of   NOVEMBER, 2007, before me personally appeared_____ to me known or proved to be the person(s) described in and who executed the foregoing instrument, and acknowledged that HE/SHE/THEY executed the same as HIS/HER/THEIR free act and deed.

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

Notary Public _____

My Commission Expires:   7/31/2010

**Alan Grossman**
Notary Public, State Of New York
No. 30-4669841
Qualified Suffolk County
Commission Expires July 31, 2010

Page 3

STATE OF   Maryland
COUNTY OF   Frederick

On  12/26/07  before me,  *Celeste Sheppard*  , a Notary Public in and for
said County and State, personally appeared  **Stacey Andrew, Assistant Vice President**  -
and  **CitiMortgage, Inc**  -
known to be (or proved to be on the basis of satisfactory evidence) the person(s) whose name(s) is/are subscribed
to this Loan Modification instrument that acknowledge to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal:

*Celeste R Sheppard*                    *Celeste R Sheppard*

Notary Signature                        Notary Name (Typed or Printed)



Page 4

# EXHIBIT 'D'

$Intra-14-161$

## AFFIDAVIT
### UNDER SECTION 255 and SECTION 258-a
### OF THE NEW YORK TAX LAW

STATE OF NEW YORK    ) SS.:
COUNTY OF _QUEENS_    )

**Rosemarie A. Klie, Esq.**

_____ being duly sworn, deposes and says that:

That I am an attorney with SWEENEY, GALLO, REICH & BOLZ, LLP, and I am familiar with the facts set forth herein:

    1.    That a certain mortgage was made by FLAGSTAR BANK, FSB to JOSEPH HANOVIC a/k/a JOSEPH J. HANOVIC and recorded on September 24, 1997 in the Suffolk County Clerk's Office, in Liber 19246, Page 626 in the original principal sum of $140,000.00, upon which mortgage tax in the sum of $375.89 was duly paid. Said mortgage covered the premises known as 1101 Artic Avenue, Bohemia, County of Suffolk, State of New York and Known on the Tax Map of Suffolk County as District 0500, Section 213.00, Block 02.00, Lot 059.004. Said Note and Mortgage was duly assigned to Union Planters Bank by an assignment dated February 18, 1999, which was recorded in the Office of the County Clerk of Suffolk County on March 23, 1999 in Liber 19493, Page 951. Said Note and Mortgage was duly further assigned to CitiMortgage, Inc. by an assignment dated April 17, 2002, which was recorded in the Office of the County Clerk of Suffolk County on June 10, 2002 in Liber 20113, Page 362. Said Note and Mortgage was modified by a Loan Modification Agreement, dated November 14, 2007, by and between CitiMortgage, Inc. to JOSEPH HANOVIC a/k/a JOSEPH J. HANOVIC.

    2.    The maximum amount secured by the above referenced mortgage is $140,000.00 all of which amount has been loaned or advanced and has become secured thereby.

    3.    That no reloans or readvances have become secured under such previously recorded instruments.

    4.    That a Loan Modification Agreement was entered into between JOSEPH HANOVIC a/k/a JOSEPH J. HANOVIC and CitiMortgage, Inc., dated November 14, 2007 in the face amount of $35,799.44 upon which a mortgage tax of $0.00 is to be paid. Said Loan Modification is not an original or is un-recordable pursuant to RPL §291. This affidavit is presented for the limited purpose of paying the requisite mortgage tax pursuant to New York State Law §258-a.

$* \$ 375.89$

5.    That the balance of the principal indebtedness under the previously recorded instruments at the date of the execution of the Loan Modification recited herein was $122,056.31.

6.    That the total maximum amount of principal indebtedness secured by the Loan Modification and those instruments previously recorded is $157,855.75.

WHEREFORE deponent respectfully requests that the loan modification be declared exempt from taxation pursuant to the provisions of Section 255, Article II of the Tax Law of the State of New York and the mortgage tax due be accepted pursuant to the provisions of Section 258-a, Article II of the Tax Law of the State of New York

_____

Rosemarie A. Klie, Esq.

STATE OF NEW YORK    ) SS.:
COUNTY OF _____ )

On _____ before me, the undersigned, personally appeared _____ personally known to me, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and swore to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____

Notary Public

RECORDED
2014 Aug 22 04:04:11 PM
JUDITH A. PASCALE
CLERK OF
SUFFOLK COUNTY
L M00022519
P 083
DF019916

129 CMI 258-a Affidavit

- 2 -

# EXHIBIT 'E'

FILED: SUFFOLK COUNTY CLERK 03/13/2024 08:04 PM
INDEX NO. 606509/2024
NYSCEF DOC. NO. 26
RECEIVED NYSCEF: 03/13/2024

Case 2:24-cv-03607-NJC-JMW    Document 1-2    Filed 05/17/24    Page 40 of 51 PageID
#: 46

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

CITIMORTGAGE, INC...

                                            Plaintiff,

                    -against-

JOSEPH HANOVIC A/K/A JOSEPH J. HANOVIC, MARIA
HANOVIC AND FLEET NATIONAL BANK,

                                            Defendants.

INDEX # 06864/09

**CERTIFICATE OF
MERIT PURSUANT
TO CPLR 3012-b**

Property Address:
1101 Artic Avenue, Bohemia,
NY 11716

1.      I am an attorney at law duly licensed to practice in the State of New York, and am affiliated with the law firm of SWEENEY, GALLO, REICH & BOLZ, LLP, attorney for plaintiff, CITIMORTGAGE, INC., in this action.

2.      This residential foreclosure action involves a home loan, as such term is defined in Real Property Actions and Proceedings Law §1304. Upon information and belief, Defendant, Joseph Hanovic A/K/A Joseph J. Hanovic, is a resident of the property subject to foreclosure.

3.      I have reviewed the facts of this case and reviewed pertinent documents, including the mortgage, security agreement and note or bond underlying the mortgage executed by defendant, all instruments of assignment (if any), and all other instruments of indebtedness including any modification, extension, and consolidation.

4.      I have consulted about the facts of this case with the following representatives of plaintiff:

Name
Lindsay Hodges

Title
Vice President - Document Control

5.      Upon this review and consultation, to the best of my knowledge, information, and belief, I certify that there is a reasonable basis for the commencement of this action, and that plaintiff is the creditor entitled to enforce rights under these documents.

6.      Listed in Exh. A and attached hereto are copies of the following documents not otherwise included as attachments to the summons and complaint: the mortgage, security agreement and note or bond underlying the mortgage executed by the defendant; all instruments of assignment (if any); and any other instrument of indebtedness, including any modification, extension, and consolidation. (Check box if no documents are attached in Exh. A: ☒)

Case 2:24-cv-03607-NJC-JMW    Document 1-2    Filed 05/17/24    Page 41 of 51 PageID #: 47

7.      Listed in Exh. B and attached hereto are supplemental affidavits attesting that certain documents as described in paragraph 5 supra are lost, whether by destruction, theft, or otherwise. (Check box if no documents are attached in Exh. B: ☐)

8.      I am aware of my obligations under New York Rules of Professional Conduct (22 NYCRR Part 1200) and 22 NYCRR Part 130.

Dated: Rego Park, New York
       April 22, 2015

                                        SWEENEY, GALLO, REICH & BOLZ, LLP


                                        Rosemarie A. Klie
                                        Attorneys for Plaintiff
                                        95-25 Queens Boulevard, 11th Floor
                                        Rego Park, New York 11374
                                        (718) 459-2634

Case 2:24-cv-03607-NJC-JMW    Document 1-2    Filed 05/17/24    Page 42 of 51 PageID #: 48

# EXHIBIT 'F'

## Rothenberg Law Offices, PLLC

ATTORNEYS AT LAW

*Long Island Office:*
80 Orville Drive
Suite 100
Bohemia, New York 11716

**Attorney**
Bruce A. Rothenberg, Esq.
**E-mail address**
bruce@therothenberglawoffices.com

*Telephone Numbers*
*LI*: 631-363-8749
*NY*: 646-633-4555
*Fax*: 631-714-6049

October 20, 2020:

Shellpoint Mortgage Servicing
Post Office Box 10826
Greenville, SC 29601-0826

Re:     Reporting False Information to the Credit Bureaus

Dear Sir or Madam:

I represent Maria Davanzo. You have her listed as Maria Hanovic on your mortgage statement. The account number on that is 0578778986. Ms. Davanzo's social security number is ▮▮▮▮ She does not use, nor has she ever used for legal purposes, the last name Hanovic. However, due to an issue concerning a foreclosure action which occurred prior to her bankruptcy, she has been listed with the lenders as Maria Hanovic and as an individual owing the note and mortgage. That is incorrect.

As you are listed as the current mortgage servicing agent of the mortgage and note, I am writing to you as you are incorrectly reporting to the credit agencies that Ms. Davanzo is liable on a mortgage and promissory note for which she is not. A copy of the Note and Mortgage are attached hereto. These are copies obtained as part of her bankruptcy and litigation with the original note holder. As you can see, her name, and any variation of her name, does not appear on the documents. She has never been on the note or mortgage. In fact, she has never been in title. Notwithstanding that, she was included in the foreclosure as an obligator by the attorney for the lender but had no liability.

Accordingly, I am directing you to remove her name from any and all references to and stop reporting her to the credit bureaus as she has never been, nor has any obligation to pay the note. She has been and should be left as a correspondent or authorized representative of the maker of the note. Please confirm to my office within thirty days of this letter to confirm that you are in the process of removing her as the obligator under the note with the respective credit bureaus.

A copy of this letter is being sent to the respective credit bureaus to inform them that they are reporting the information incorrectly.

If you continue to report her to the credit bureaus as an obligator under the terms of the note or mortgage may result in legal action against you for falsely reporting derogatory information affecting her creditworthiness.

Please contact my office to discuss the matter or if you have any questions.

Sincerely

Bruce A. Rothenberg, Esq.

# EXHIBIT 'G'

# Rothenberg Law Offices, PLLC

## ATTORNEYS AT LAW

**_Long Island Office:_**
80 Orville Drive
Suite 100
Bohemia, New York 11716

**Attorney**
Bruce A. Rothenberg, Esq.
**E-mail address**
bar@rothenberglegal.com

**_Telephone Numbers_**
**_LI_**: 631-363-8749
**_NY_**: 646-633-4555
**_Fax_**: 631-714-6049

July 6, 2023

Selene Finance LP
ATTN: Customer Service Research
PO Box 8279
Philadelphia, PA 19101-8279

Re:     Mortgage of Hanovic, Account Number 0007192925

Premises:     1101 Artic Avenue, Bohemia, NY 11716

To Whom it May Concern:

I represent Maria Davanzo who is listed as Maria Hanovic on your account, an individual you are incorrectly reporting as an obligor on the mortgage note and mortgage regarding the above captioned Premises. Your company has been showing up on her credit reports as a creditor and reporting her as owing the above captioned mortgage. Please be advised that she has never been an obligor or mortgagor under the note or mortgage at any time. I have attached a copy of the mortgage note and mortgage for your review. You will see that she did not sign nor does her name appear anywhere on the mortgage note or mortgage.

For some reason, she was included in the foreclosure action by the original mortgage holder. She should have only been included as a tenant of the premises, which would have been proper. However, the litigation papers were not clear and for some reason from that point on, she was listed as owing the mortgage by the credit bureaus. She did not discover that she was sued as an obligor until the mortgage holder first attempted to sell the house pursuant to the judgement. Regardless of whether or not she was an obligor, her filing of a Chapter 7 petition in bankruptcy and obtaining a discharge removed all obligation she may have incurred as a result of that incorrect lawsuit.

Any modification of the mortgage after that discharge would be between the original obligor and mortgagor, not her. As she is not the obligor nor mortgagor, you should not be reporting any transactions regarding the mortgage to any credit bureau.

This is to direct you to discontinue such reporting and direct the relevant credit bureaus to remove all data from their records regarding the mortgage. If this is not completed within the next sixty (60) days, I will provide her with guidance as to what avenues of redress she may take, which may include reporting you to the appropriate banking regulators, commencing appropriate litigation or such other remedies that may be deemed necessary to clear her name.

A copy of this letter is being sent to the three credit bureaus to commence a dispute as well.

Please contact my office to discuss the matter or if you have any questions.

Sincerely


Bruce A. Rothenberg, Esq.


July 6, 2023

To Whom it May Concern:

I hereby authorize my attorney, Bruce A Rothenberg, Esq., access to my credit reports, as well as authorize him to speak to the credit bureaus, and any creditor on my behalf, including, but not limited to Selene Finance LP, and the holder of the note and mortgage related to the debt being reported by Selene Finance LP to any or all of the credit bureaus. A photocopy of my signature shall be considered as an original for the purposes of this authorization.

_____

Maria Davanzo and listed as Maria Hanovic

FILED: SUFFOLK COUNTY CLERK 04/23/2024 05:59 PM INDEX NO. 606509/2024

NYSCEF DOC. NO. 29 Case 2:24-cv-03607-NJC-JMW Document 1-2 Filed 05/17/24 Page 48 of 51 PageID RECEIVED NYSCEF: 04/23/2024
#: 54

ATTORNEY(s) : John R Byrnes Esq.
**INDEX #** : **606509/2024**
**PURCHASED/FILED** : March 13, 2024
**STATE OF** : **NEW YORK**
**COURT** : Supreme
**COUNTY/DISTRICT** : Suffolk

## AFFIDAVIT OF SERVICE - SECRETARY OF STATE

Maria Davanzo

Plaintiff(s)

against

Selene Finance LP, et al

Defendant(s)

STATE OF NEW YORK )
COUNTY OF ALBANY )SS
CITY OF ALBANY )

**DESCRIPTION OF PERSON SERVED:**   Approx. Age:   70 Yrs.

Weight:  120 Lbs.  Height:   5' 0"   Sex:  Female  Color of skin:   White

Hair color:  Blonde   Other:

**Robert Guyette** , being duly sworn, deposes and says: deponent is over
the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on
**April 18, 2024** , at   **2:15 PM** , at the office of the  Secretary of State of the State of NY,
located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:
**Summons and Verified Complaint with Notice of Electronic Filing**

on

**Equifax Information Services LLC**

the Defendant in this action, by delivering to and leaving with   **Sue Zouky**
AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the
Office of the Secretary of State of the State of New York, two (2) true copies  thereof and that at the time of
making such service, deponent paid said Secretary of State a fee of   $40   dollars; That said service
was made pursuant to Section   **LIMITED LIABILITY COMPANY LAW §303**.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office
of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said
defendant.

Sworn to before me on this
18th day of April, 2024

Robert Guyette

**Invoice-Work Order #** 2419549
**Attorney File #** 2421580

FAITH COZZY
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2027



ATTORNEY(s) : John R Byrnes Esq.
INDEX # : 606509/2024
PURCHASED/FILED : March 13, 2024
STATE OF : New York
COURT : Supreme
COUNTY/DISTRICT : Suffolk

## AFFIDAVIT OF SERVICE - SECRETARY OF STATE

Maria Davanzo

Plaintiff(s)

against

Selene Finance LP, et al

Defendant(s)

STATE OF NEW YORK )
COUNTY OF ALBANY ) SS
CITY OF ALBANY )

**DESCRIPTION OF PERSON SERVED:**     Approx. Age:   70 Yrs.

Weight: 120 Lbs.  Height:   5' 0"   Sex:  Female  Color of skin:   White

Hair color:  Blonde   Other:

_____**Robert Guyette**_____ , being duly sworn, deposes and says: deponent is over
the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on
_____**April 18, 2024**_____ , at  **2:15 PM** , at the office of the  Secretary of State of the State of NY,
located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:
**Summons and Verified Complaint with Notice of Electronic Filing**

on
**Experian Information Solutions Inc.**

the Defendant in this action, by delivering to and leaving with               **Sue Zouky**                                  ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, two (2) true copies  thereof and that at the time of

making such service, deponent paid said Secretary of State a fee of          $40     dollars; That said service

was made pursuant to Section   **BUSINESS CORPORATION LAW §306.**

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office
of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said
defendant.

Sworn to before me on this
18th day of April, 2024

_____
FAITH COZZY
NOTARY PUBLIC, State of New York
No. 01CO6156674, Albany County
Commission Expires Jan 8, 2027

_____
Robert Guyette

Invoice·Work Order # 2419548
Attorney File # 2421581



FILED: SUFFOLK COUNTY CLERK 04/23/2024 05:59 PM          INDEX NO. 606509/2024

NYSCEF DOC. NO. 11     Case 2:24-cv-03607-NJC-JMW     Document 1-2     Filed 05/17/24     Page 50 of 51 PageID     RECEIVED NYSCEF: 04/23/2024
#: 56

ATTORNEY(s) : John R Byrnes Esq.
INDEX # : 606509/2024
PURCHASED/FILED : March 13, 2024
STATE OF : NEW YORK
COURT : Supreme
COUNTY/DISTRICT : Suffolk

## AFFIDAVIT OF SERVICE - SECRETARY OF STATE

Maria Davanzo

Plaintiff(s)

against

Selene Finance LP, et al

Defendant(s)

| STATE OF NEW YORK )<br>COUNTY OF ALBANY  )SS<br>CITY OF ALBANY       ) | **DESCRIPTION OF PERSON SERVED:**      Approx. Age:   70 Yrs. |
|---|---|

Weight: 120 Lbs.  Height:   5' 0"   Sex:  Female  Color of skin:   White

Hair color:  Blonde   Other: _____

**Robert Guyette**_____ , being duly sworn, deposes and says: deponent is over
the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on
_____**April 18, 2024**_____ , at   **2:15 PM** , at the office of the  Secretary of State of the State of NY,
located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:
**Summons and Verified Complaint with Notice of Electronic Filing**

on

### Selene Finance LP

the Defendant in this action, by delivering to and leaving with            **Sue Zouky**

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the
Office of the Secretary of State of the State of New York, two (2) true copies  thereof and that at the time of
making such service, deponent paid said Secretary of State a fee of            $40      dollars; That said service
was made pursuant to Section   **PARTNERSHIP LAW §121-109(A) (LP'S)**.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office
of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said
defendant.

Sworn to before me on this
18th day of April, 2024

Robert Guyette
Invoice·Work Order # 2419546
Attorney File # 2421574

FAITH COZZY
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2027



ATTORNEY(S) : John R. Byrnes Esq.
INDEX # : 606509/2024
PURCHASED/FILED : March 13, 2024
STATE OF : NEW YORK
COURT : Supreme
COUNTY/DISTRICT : Suffolk

## AFFIDAVIT OF SERVICE - SECRETARY OF STATE

Maria Davanzo

Plaintiff(s)

against

Selene Finance LP, et al

Defendant(s)

| STATE OF NEW YORK )<br>COUNTY OF ALBANY )SS<br>CITY OF ALBANY ) | **DESCRIPTION OF PERSON SERVED:** | Approx. Age: 70 Yrs. |
|---|---|---|

Weight: 120 Lbs. Height: 5' 0" Sex: Female Color of skin: White

Hair color: Blonde Other: _____

**Robert Guyette** _____ , being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on **April 24, 2024** , at **2:00 PM** , at the office of the Secretary of State of the State of NY, located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:
**Summons and Verified Complaint with Notice of Electronic Filing**

on

### Trans Union LLC

the Defendant in this action, by delivering to and leaving with **Sue Zouky**
AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee of **$40** dollars; That said service was made pursuant to Section **LIMITED LIABILITY COMPANY LAW §303**.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Sworn to before me on this
24th day of April, 2024

FAITH COZZY
NOTARY PUBLIC, State of New York
No. 01CO6158974, Albany County
Commission Expires Jan 8, 2027

Robert Guyette
**Invoice·Work Order #** 2420643
Attorney File # **2421579**

